# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DUSTIN ANDERSON,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

_____/

2:15-cv-02245-RFB-PAL

**ORDER**

Introduction

    In this habeas corpus action, brought by Nevada prisoner Dustin Anderson, the respondents have filed a motion to dismiss Anderson's amended petition for writ of habeas corpus. The Court will grant respondents' motion to dismiss and dismiss this action on the ground that the action is barred by the statute of limitations.

Background

    On January 4, 2013, following a jury trial, Anderson was convicted in Nevada's Eighth Judicial District Court, in Clark County, Nevada, of one count of conspiracy to commit burglary and three counts of burglary. *See* Judgment of Conviction, Exhibit 26 (ECF No. 14-26). Anderson was sentenced, under Nevada's habitual criminal laws, as follows:

| | | | |
|---|---|---|---|
| Count 1 | conspiracy to commit burglary | | 12 months in jail, concurrent with the sentence on Count 2; |
| Count 2 | burglary | | 5 to 15 years; |
| Count 3 | burglary | | 5 to 15 years; consecutive to the sentence on Count 2; |
| Count 4 | burglary | | 5 to 15 years; consecutive to the sentence on Count 3. |

*See id*.

Anderson appealed. *See* Notice of Appeal, Exhibit 28 (ECF No. 14-28). The Nevada Supreme Court affirmed on October 17, 2013. *See* Order of Affirmance, Exhibit 40 (ECF No. 14-40). The remittitur was issued on November 15, 2013. *See* Remittitur, Exhibit 44 (ECF No. 14-44).

Anderson filed a petition for writ of habeas corpus in state court on November 25, 2014. *See* Petition for Writ of Habeas Corpus, Exhibit 52 (ECF No. 15-6). On February 17, 2015, the state district court denied Anderson's petition on the ground that it was barred by the statute of limitations. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 61 (ECF No. 15-15). Anderson appealed. *See* Notice of Appeal, Exhibit 62 (ECF No. 15-16). The Nevada Court of Appeals affirmed the denial of the petition on statute of limitations grounds on August 5, 2015. *See* Order of Affirmance, Exhibit 68 (ECF No. 15-22). The remittitur was issued on September 1, 2015. *See* Remittitur, Exhibit 69 (ECF No. 15-23).

This Court received Anderson's original *pro se* habeas petition for filing on November 25, 2015. *See* Petition for Writ of Habeas Corpus (ECF No. 4). Anderson alleges that he mailed the petition to the Court for filing on November 18, 2015. *See id*. at 1. The Court appointed counsel for Anderson on February 5, 2016 (ECF No. 7), and, with counsel, Anderson filed an amended petition for writ of habeas corpus -- now the operative petition -- on October 21, 2016 (ECF No. 13).

Respondents filed a motion to dismiss on March 20, 2017 (ECF No. 19). Anderson filed an opposition to that motion on July 26, 2017 (ECF No. 24). Respondents filed a reply on November 3,

2017 (ECF No. 34).

Discussion

    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). Respondents contend, in their motion to dismiss, that Anderson's amended petition is barred by the statute of limitations.

Anderson's direct appeal concluded on October 17, 2013, when the Nevada Supreme Court affirmed his conviction. *See* Order of Affirmance, Exhibit 40 (ECF No. 14-40). Adding the ninety days within which a petition for a writ of certiorari could have been filed (*see* Supreme Court Rule 13), the date on which Anderson's conviction became final, for purposes of the AEDPA statute of limitations, was January 15, 2014. Running from that date, without any tolling, the one-year limitations period expired on January 15, 2015.

Anderson filed his state habeas petition on November 25, 2014. *See* Petition for Writ of Habeas Corpus, Exhibit 52 (ECF No. 15-6). However, the state district court and, in turn, the Nevada Court of

Appeals ruled that Anderson's the action was barred by the state-law statute of limitations. *See* Order of Affirmance, Exhibit 114 (ECF No. 12-12). An untimely state post-conviction petition is not considered "properly filed," and does not afford the petitioner statutory tolling of the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Therefore, during the time that Anderson litigated his state habeas petition, between March 1, 2013, and October 13, 2014, the AEDPA limitations period continued to run.

Accepting Anderson's allegation that he mailed his federal habeas petition to this Court for filing on November 18, 2015, more than 22 months passed, after his conviction was final, before Anderson initiated this action.

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).

In his opposition to the motion to dismiss, Anderson argues that he is entitled to equitable tolling up to January 1, 2014, because the attorney who represented him on his direct appeal to the Nevada Court of Appeals did not timely inform him of the appellate court's ruling. *See* Opposition to Motion to Dismiss, pp. 3-10, 16. Anderson argues that his direct appeal attorney thus abandoned him, and that equitable tolling is therefore warranted under *Holland*, as well as *Maples v. Thomas*, 565 U.S. 266 (2012), and *Gibbs v. LeGrand*, 767 F.3d 879 (9th Cir. 2014). This argument is specious. Anderson's conviction did not become final until January 15, 2014; the limitations period was not running before that date, and any argument for equitable tolling before that date is unnecessary and meaningless.

Anderson also argues that he is entitled to equitable tolling because his direct appeal attorney did not timely provide him with files regarding his case, because he was attacked in prison by another inmate and placed in protective segregation for about three and a half months as a result, and because of limited access to legal resources. The Court finds, however, that Anderson does not make a colorable showing that equitable tolling is warranted on account of these factors. Under the statute of limitations, Anderson

had until January 15, 2015, to file his federal petition. The record reflects Anderson's significant litigation activity during the months prior to that date: on October 1, 2014, Anderson filed a Motion to Withdraw Counsel and a notice regarding that motion, in the state district court (*see* Motion to Withdraw Counsel, Exhibit 48 (ECF No. 15-2) and Notice of Motion, Exhibit 49 (ECF No. 15-3); on November 25, 2014, Anderson filed his habeas petition in state court (*see* Petition for Writ of Habeas Corpus, Exhibit 52 (ECF No. 15-6)); on December 18, 2014, Anderson filed, in the state district court, a supplement to his petition and a request for appointment of counsel (*see* Supplement to Petition for Writ of Habeas Corpus and Request for Counsel, Exhibit 54 (ECF No. 15-8). So, the record demonstrates plainly that, contrary to his argument, Anderson was not prevented by his attorney's delay in providing him with materials in his case, or by the attack he suffered in prison, or by any other prison conditions, from pursuing a habeas action in state court. Anderson was able to, but did not, initiate his federal habeas action on time. Lack of education and ignorance of the law are not extraordinary circumstances warranting equitable tolling. *See, e.g.*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Baker v. Cal. Dep't of Corr.*, 484 Fed.Appx. 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance ... are not extraordinary circumstances to warrant equitable tolling....").

Anderson has not established grounds for tolling of the AEDPA limitations period. The limitations period ran out on January 15, 2015, and this action was initiated some ten months late. The action is barred by the statute of limitations. Respondents' motion to dismiss will be granted, and this action dismissed, on that ground.

As the Court rules that the action is barred by the statute of limitations, the Court need not reach, and declines to reach, the other arguments asserted by respondents (the issues of exhaustion of state-court remedies and procedural default).

. . .

. . .

Certificate of Appealability

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000). Applying this standard, the Court finds that a certificate of appealability is not warranted.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 19) is **GRANTED**. This action is dismissed.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 30th day of January, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE